IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER PURICELLI, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:14-cv-4018-M-BN |
| | § | |
| ARNS INVESTMENTS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Background**

Defendant Select Portfolio Servicing, Inc. ("SPS") removed this civil action filed by Plaintiffs Walter Puricelli and Terree Puricelli from Texas state court on November 13, 2014. *See* Dkt. No. 1. SPS's Notice of Removal describes the lawsuit as follows: "Plaintiffs' lawsuit represents an attempt to prevent their eviction from the real property located at 2604 Avenida Loop, Irving, Texas 75062 (the 'Property'). In short, Plaintiffs challenge the foreclosure sale of the Property by alleging the individual who executed an assignment from the original lender to Wells Fargo Bank, N.A. did not have the capacity to execute it. Plaintiff further claims that SPS violated the Texas Property Code by failing to provide a proper notice of acceleration prior to the foreclosure sale." *Id.* at 1.

SPS asserts that removal is proper based on diversity of citizenship and because the case meets 28 U.S.C. § 1332's amount in controversy requirement. *See id.* at 2-7.

Defendant ARNS Investments, LLC ("ARNS") did not join the Notice of Removal and has not appeared in this action in this Court, and there is no record before the Court of ARNS's consenting to removal or having been served. *See* Dkt. No. 1. But SPS's Notice of Removal asserts that, "[w]hile [Defendant ARNS] appears to be a resident of Texas for diversity purposes, its citizenship should not be considered in this notice of removal because ARNS is improperly joined to this lawsuit." *Id.* at 3. That is, SPS appears to recognize, as Plaintiffs' state-court petition appears to assert, *see* Dkt. No. 1-3 at 1, that ARNS is a non-diverse, in-state defendant in this case brought by two Texas citizens and that ARNS's presence in the case destroys complete diversity and precludes 28 U.S.C. § 1332 diversity jurisdiction unless this non-diverse defendant is determined to be improperly joined and therefore dismissed to preserve the required complete diversity of citizenship of all plaintiffs from all defendants, *see* Dkt. No. 1 at 3-5.

In a December 20, 2014 Joint Notice of Settlement [Dkt. No. 6], Plaintiffs and Defendant SPS "inform the Court that they have settled all causes of actions and claims in this lawsuit" and that "[t]he parties are working to paper their settlement agreement, and will file appropriate dismissal papers upon doing so."

But this notice was not joined by Defendant ARNS, and the notice did not address ARNS's status in this action, this Court's subject matter jurisdiction over the action as removed, Plaintiffs' position on whether ARNS was improperly joined and should, for that reason or some other reason, be dismissed, or whether Plaintiffs permissibly can and will voluntarily dismiss any claims against ARNS, as part of the

-2-

reported settlement or otherwise. As of the filing of this notice, Plaintiffs had not addressed SPS's improper joinder contentions.

In a December 22, 2014 Order Requiring Joint Status Report [Dkt. No. 7], the Court ordered "Defendant Select Servicing Portfolio, Inc. and Plaintiffs Walter Puricelli and Terree Puricelli to file a joint status report by January 9, 2015 explaining the parties' respective views on: what, if any, effect Plaintiffs' reported settlement with Defendant SPS will have on Plaintiffs' claims against Defendant ARNS; whether Defendant ARNS should be dismissed from this action as improperly joined or dismissed as a party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction, *see generally Burleson v. Coastal Recreation, Inc.*, 572 F.2d 509, 514 (5th Cir. 1978); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 774-76 (5th Cir. 1986); and whether, in the absence of any such dismissal of ARNS, the Court has subject matter jurisdiction over this removed action, including as to any dismissal of Plaintiffs' claims against SPS based on the reported settlement." Dkt. No. 7 at 4 (emphasis removed).

On January 9, 2015, Defendant Select Servicing Portfolio, Inc. and Plaintiffs Walter Puricelli and Terree Puricelli filed a Joint Report on Subject Matter Jurisdiction and reported that "Plaintiffs and SPS agree that Defendant ARNS Investments, LLC ('ARNS') should be dismissed from this lawsuit without prejudice as an improperly joined party," that "Plaintiffs are working to resolve their dispute with ARNS separately," and that, "[s]ince ARNS will be dismissed as an improperly joined party, this Court has subject matter jurisdiction over this lawsuit and therefore

has jurisdiction to dismiss Plaintiffs' claims against SPS when the parties submit their dismissal documents." Dkt. No. 8 at 1.

## Legal Standards

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1). A district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (describing the "heavy burden" on the party asserting improper joinder and noting that, "until the removing party does so, the court does not have the authority to do more" and "lacks the jurisdiction to dismiss the case on its merits"). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573.

Ordinarily, the court must conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* But the United States Court of Appeals for the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant." *Smallwood*, 385 F.3d at 573-74.

## Analysis

Here, notwithstanding SPS's heavy burden as the removing party asserting improper joinder of a non-diverse codefendant, Plaintiffs now agree that Defendant ARNS Investments, LLC should be dismissed from this lawsuit without prejudice as an improperly joined party. *See* Dkt. No. 8. That is, Plaintiffs concede that there is no reasonable basis to predict that they might be able to recover against ARNS Investments, LLC, an in-state defendant, as SPS alleged in its Notice of Removal. *See* Dkt. No. 1 at 3-5. But this does not relieve the Court of the need to analyze its own jurisdiction or the improper joinder issue, where "subject-matter jurisdiction cannot be created by waiver or consent," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001), and whether a party is improperly joined is a question of law, *see Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009).

Because there is no dispute or allegation of actual fraud concerning the fact that both Plaintiffs and ARNS are Texas residents, the sole concern in the instant case is whether, as a matter of law, Plaintiffs have alleged a valid state-law cause of action against ARNS. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The Court therefore must determine whether SPS "has demonstrated that there is no possibility of recovery by the plaintiff against [the non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that [Plaintiffs] might be able to recover against" ARNS. *Smallwood*, 385 F.3d at 573; *accord Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). In making this determination, the undersigned will "'evaluate all of the factual

allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff'" and "'then examine relevant state law and resolve all uncertainties in favor of the nonremoving party.'" *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) *(*quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205-06 (5th Cir. 1983)).

The Court Should Apply Texas's "Fair Notice" Pleading Standard

As a threshold issue in this case, this Court must decide if it should look to the federal or state pleading standard to determine whether a plaintiff can state a claim for relief against a non-diverse defendant. The Fifth Circuit has not addressed this issue in a published opinion, and the decisions of judges in this district are divided on the issue.

Some judges in this district have applied the federal pleading standard in their analysis but have done so without discussing or referencing the difference between Texas and federal pleading requirements. *See Helm v. Moog Inc.*, No. 4:11-cv-109-Y, 2011 WL 3176439, at *2 (N.D. Tex. July 27, 2011); *Mugweni v. Wachovia Corp.*, No. 3:08-cv-1889-G-BF, 2011 WL 2441255, at *2 (N.D. Tex. Apr. 19, 2011), *rec. adopted*, 2011 WL 2441838 (N.D. Tex. June 17, 2011); *Marten v. Winover*, No. 3:11-cv-1164-K, 2011 WL 4485966, at *2 (N.D. Tex. Sept. 27, 2011). On the other hand, unpublished decisions by the Fifth Circuit, along with some decisions by judges in this district, have applied the Texas "fair notice" pleading standard in the improper joinder analysis. *See Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344-45 (5th Cir. 2013); *Michels v.*

*Safeco Ins. Co. of Ind.*, 544 F. App'x 535, 538-39 (5th Cir. 2013); *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005); *Durable Specialities, Inc. v. Liberty Ins. Corp.*, No. 3:11-cv-739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011) (finding the Fifth Circuit's application of the state pleading standard in *De La Hoya* to be logical and therefore applying Texas's "fair notice" standard); *Smith v. Shred-It USA*, No. 3:10-cv-831-O-BK, 2010 3733902, at *2-*3 (N.D. Tex. Sept. 23, 2010) (distinguishing cases that applied the federal pleading standard in the improper joinder analysis and noting the focus is on the plaintiff's possibility of success in state court); *Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3:11-cv-971-O-BK, 2012 WL 176572, at *3-*4 (N.D. Tex. Jan. 6, 2012) (applying the state pleading standard in the improper joinder analysis but first noting the disagreement among judges in this District as to whether federal or state pleading standards apply); *Yaldell v. Geovera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, at *2-*3 (N.D. Tex. Nov. 8, 2012) (noting the disagreement in this district as to whether federal or state pleading standards apply before finding the Fifth Circuit's decision in *De La Hoya* to be "entirely logical" and applying Texas's "fair notice" standard). But some unpublished Fifth Circuit decisions have also cited to the federal pleading standard. *See Trang v. Bean*, No. 14-50281, ___ F. App'x ___, 2015 WL 78772, at *1 (5th Cir. Jan. 7, 2015).

The undersigned is persuaded by the reasoning in the cases applying the "fair notice" standard. "When a party files suit in a Texas [state] court, such party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system." *Durable Specialties*, 2011 WL 6937377 at *5. The

undersigned agrees that "[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Id.*; *see also Yaldell*, 2012 WL 5451822 at *3. Furthermore, "applying the state pleading standard in these circumstances is [t]he more logical choice ... because the purpose of [an improper] joinder analysis is to determine whether a state court might permit a plaintiff to proceed with his claims." *Cardona v. ASI Lloyds*, No. 3:14-cv-3736-G, 2015 WL 93470, at *3 (N.D. Tex. Jan. 6, 2015) (internal quotation marks omitted). Accordingly, the undersigned concludes that the Texas "fair notice" pleading standard should be applied in determining whether a non-diverse defendant has been improperly joined.

Under the Texas Rules of Civil Procedure, a pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. *See* TEX. R. CIV. P. 45(b). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App. – Austin 1996, no writ). The court will also look at the plaintiff's intent and uphold a petition, even when the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff specifically did state. *See Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App. – Corpus Christi 1993, writ denied). The goal is only to ensure that the opposing party gets sufficient information to supply fair and adequate notice of the facts on which the plaintiff bases the claim. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

ARNS was Improperly Joinded

The improper joinder question in this case turns on whether, as SPS alleges, Plaintiffs' Texas Debt Collection Act ("TDCA") allegations against ARNS fail as a matter of law because ARNS's conduct of which Plaintiffs complain is not "debt collection" within the TDCA's meaning. The undersigned begins the analysis with a review of the relevant allegations set forth by Plaintiffs against ARNS in Plaintiffs' Original Petition ("Petition").

The TDCA provides that, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; ... or (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE §§ 392.304(a)(8), (a)(19). "'Debt collection' means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor," and "'[d]ebt collector' means a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." TEX. FIN. CODE § 392.001(5)-(6). "'Consumer' means an individual who has a consumer debt"; "'[c]onsumer debt' means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction"; and "'[c]reditor' means a party, other than

a consumer, to a transaction or alleged transaction involving one or more consumers." *Id.* §392.001(1)-(3). As such, for TDCA purposes, a "debt collector" can include a creditor itself.

Plaintiffs' Petition alleged that ARNS violated Sections 392.304(a)(8) and 392.304(a)(19) because it "employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation, in that: (1) A person or persons employed by ARNS made demand for possession of the Property as though ARNS were lawfully entitled to such; [and] (2) ARNS filed and pursued two forcible detainer actions seeking possession of the Property in the courts of Dallas County, Texas." Dkt. No. 1-3 at 7. Plaintiffs alleged that ARNS was acting as a debt collector for itself and "claiming under the Trustee's Deed." *Id.*

In its Notice of Removal, SPS asserts that "Plaintiffs' TDCA claims against ARNS fail because ARNS is not a debt collector, as defined by the TDCA." *See* Dkt. No. 1 at 4. Even taking the allegations in the light most favorable to Plaintiffs and resolving all contested issues of substantive fact in Plaintiffs' favor, Defendants correctly argue that Plaintiffs assert "that ARNS is claiming an interest in the Property under the Substitute Trustee's Deed, which necessarily implies that the foreclosure sale of the Property has already taken place." Dkt. No. 1 at 5. According to SPS, that means that "no debt existed," where "third parties who purchase a property at a foreclosure sale and subsequently seek possession of the property are simply not debt collectors or creditors under the TDCA." *Id.*

The undersigned agrees. ARNS is not alleged to be the assignee of Plaintiffs' mortgage loan. *See generally Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722-23 (5th Cir. 2013). And Plaintiffs do not allege that ARNS engaged in debt collection through the act of foreclosure. *See generally Biggers v. BAC Home Loans Servicing, L.P.*, 767 F. Supp. 2d 725, 731-32 (N.D. Tex. 2011). Rather, Plaintiffs allege that ARNS engaged in debt collection in a manner that violated the TDCA when, after purchasing the Property out of foreclosure, ARNS made demand for possession of the Property and filed and pursued two forcible detainer actions seeking possession of the Property. *See* Dkt. No. 1-3 at 7. But, even under the TDCA's broad definition, "debt collection" includes "action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." TEX. FIN. CODE § 392.001(5). By purchasing the Property at the foreclosure sale, ARNS is not alleged to have purchased any consumer debt but rather the Property itself. Seeking possession of the Property itself because Plaintiffs were still occupying it does not amount to collecting on any consumer debt that Plaintiffs may still have owed on their mortgage loan to the mortgagee or its assignee. *See generally Hernandez v. U.S. Bank, N.A.*, No. 13-cv-2164-O-BN, 2014 WL 3545761, at *7 (N.D. Tex. July 17, 2014).

Accordingly, SPS has demonstrated that there is no reasonable basis to predict that Plaintiffs might be able to recover on their TDCA claim against ARNS in state court because, as other courts have held in similar or analogous circumstances, Plaintiffs' allegations against ARNS do not, as a matter of law, amount to allegations that ARNS is a debt collector or engaged in debt collection for purposes of the TDCA.

*See Haberman v. PNC Mortg. Co.*, No. 4:11-cv-126, 2012 WL 2921357, at *2 (E.D. Tex. July 17, 2012); *Zoluaga v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-369, 2011 WL 5600377, at *4 (E.D. Tex. Nov. 16, 2011); *see also Pargas of Longview, Inc. v. Jones*, 573 S.W.2d 571, 573 (Tex. App. – Texarkana 1978, no writ).

The undersigned recognizes that, even with Plaintiffs' concession of improper joinder, SPS has a heavy burden to prove that there is no reasonable basis to predict that Plaintiffs might be able to recover against ARNS. But the undersigned concludes that SPS has met this burden. Accordingly, the undersigned concludes that SPS and Plaintiffs have properly requested that Defendant ARNS Investments, LLC should be dismissed from this lawsuit as an improperly joined party and that, if ARNS will be dismissed as an improperly joined party, this Court has subject matter jurisdiction over this lawsuit and therefore has jurisdiction to dismiss Plaintiffs' claims against SPS when the parties submit their dismissal documents.

## Recommendation

The Court should, based on Defendant Select Portfolio Servicing, Inc.'s assertions in its Notice of Removal [Dkt. No. 1] and Plaintiffs' concession of improper joinder, *see* Dkt. No. 8, conclude that, because Plaintiffs concede that Defendant ARNS Investments, LLC was not a proper party in the state court, Defendant ARNS Investments, LLC's consent was not required for removal, *see Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); that, because Defendant ARNS Investments, LLC was improperly joined, Defendant ARNS Investments, LLC should be dismissed from this action; and that,

with Defendant ARNS Investments, LLC's dismissal, complete diversity of citizenship exists, and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, *see Adams v. Chase Bank*, No. 3:11-cv-3085-M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. June 12, 2012) (same).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE